### HEATHERLY v. HILL.

PAUPER OATH. *Motion to depauperize. Discretion of the court.* It is impossible to lay down a rule which will govern in every case, in determining whether a party should be depauperized or not. Much must be left to the sound discretion of the judge who tries the question, but on such trials the uniform language of the court has been, that the laws passed to enable poor persons to litigate their rights in court should be construed and administered with great liberality.

FROM CAMPBELL.

Appeal from the Circuit Court. DAVID K. YOUNG, Judge.

COOKE, HENDERSON & JOUROLMON for plaintiff.

HOUK & WASHBURN for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Hill sued Heatherly before a justice of the peace in Campbell county on an account, and got judgment for ninety dollars. Heatherly appealed to the circuit court on the pauper oath. Hill moved to dismiss the appeal for want of a bond for the appeal. No action was taken on the motion, but at the next term Hill moved for a rule on Heatherly to show cause why he should not be depauperized, and, upon proof, the court made the rule absolute, and ordered that if bond and security were not given by the first day of next term, the appeal should be dismissed. Heatherly took a bill of exceptions. At the next term Heath-

erly having failed to give bond and security, his appeal was dismissed, when he appealed in error to this court upon this pauper oath.

The only question is, whether, under the proof on the motion to dispossess Heatherly, the court erred in making the rule absolute?

According to the proof, Heatherly had an old mare and two colts, a yoke of oxen, ten or eleven sheep, two sows and pigs, five or six head of cattle, all valued at about two hundred dollars, and all being property exempted from execution. Heatherly made oath that he was unable to give security for the appeal because of his poverty, and that he had tried to get security but had failed. Under this proof was Heatherly entitled to prosecute his appeal upon taking the pauper oath? It is impossible to lay down a rule which will govern in every case in determining whether a party should be depauperized or not. Much must be left to the sound discretion of the judge who tries the question, but on such trials the uniform language of this court has been, that the laws passed to enable poor persons to litigate their rights in court should be construed and administered with great liberality. This is especially so, in view of our liberal policy in exempting property from execution. Without undertaking to lay down a general rule we are content to hold, that upon the proof in this case we do not think that the law has been administered in that spirit of liberality which should characterize such proceedings. It was requiring too much of a party with so little property, and that exempt from

execution, to give bond and security in an amount larger, probably, than the entire value of his property, or be deprived of the right to have his cause tried. We are of opinion that, according to the proof, the circuit judge failed to exercise a sound discretion in making the rule absolute, but that the same should have been dismissed.

The judgment will be reversed and the cause remanded for trial.